Kent W. Plott (USB No. 5336)
Mark S. Middlemas (USB No. 9252)
Lundberg & Associates
3269 South Main Street, Suite 100
Salt Lake City, UT 84115
(801) 263-3400
(801) 263-6513 (fax)
ECFmailDistGroup@Lundbergfirm.com

Attorneys for: Suntrust Mortgage, Inc.
L&A Case No. 11-17847

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 11-35932 WTT |
| Krystal Dawn Johnson, | (a Chapter 13 case) |
| Debtor. | Filed Electronically |
| | *Hearing February 11, 2013 @ 11:00 a.m.* |

## AGREED ORDER CONDITIONING THE AUTOMATIC STAY

Suntrust Mortgage, Inc. ("Creditor") filed an Amended Motion for Termination of the Automatic Stay.  The Court has considered the motion, any responses to the motion and the agreement of counsel, and it is hereby ordered, adjudged and decreed as follows:

Filed: February 8th, 2013

1.      <u>Automatic Stay</u>.  The automatic stay provided by 11 U.S.C. §362 shall remain in effect, except as provided in the paragraphs below.

2.      <u>Regular Monthly Payments</u>.  The debtor shall make all regular monthly mortgage payments due to the Creditor pursuant to the terms of the Note and Trust Deed attached to Creditor's Motion, beginning with the payment due on March 1, 2013.  The amount of each such payment is presently $700.39.  The amount is subject to change to reflect escrow requirements and any other adjustments provided by the terms of the Note and Trust Deed.

3.      <u>Additional Payments</u>.  In addition to the payments required by paragraph 2, above, the debtor shall cure the post-petition arrearage, calculated as follows:

| | |
|---|---|
| Post-petition payments for October 1, 2012 through February 1, 2013 at $700.39 each | $3,501.95 |
| Legal Fees | 826.00 |
| Total arrearage | $4,327.95 |

The debtor shall pay $2,101.17 by February 15, 2013.  **(This is in addition to the payment due March 1, 2013.)**  The failure to do so shall result in termination of the automatic stay without further notice or hearing.  This payment shall be tendered to Lundberg & Associates, 3269 South Main Street, Suite 100, Salt Lake City, UT 84115.  The remaining balance ($2,226.78) shall be paid as follows:

$371.13 on or before March 15, 2013

$371.13 on or before April 15, 2013

$371.13 on or before May 15, 2013

$371.13 on or before June 15, 2013

- 2 -

$371.13 on or before July 15, 2013

$371.13 on or before August 15, 2013

All such payments shall be mailed directly to the Creditor at the following address:

Suntrust Mortgage, Inc.
RVW 3034
P.O. Box 27767
Richmond, VA 23261

4.    <u>Trustee Payments</u>.    The debtor shall remit to the Trustee the monthly payments described in the debtor's Plan.    The debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if any; within 30 days of the date this Order is signed by the Bankruptcy Judge.

5.    <u>Effect of Non-sufficient Funds</u>.    Any check tendered to the Creditor by the debtor which is returned due to non-sufficient funds in the account upon which it is drawn shall not constitute a payment required by the terms of this Order.

6.    <u>Default</u>.    In the event the Creditor does not receive the payment of $2,101.17 by February 11, 2013 as set forth in paragraph 3, the automatic stay shall be terminated without any further action.    In the event the Creditor does not receive the payments required by this Order on the dates set forth in paragraph 2 with any grace period allowed, or paragraph 3 on the date set forth by 5:00 p.m., or the debtor does not make the payments required by paragraph 4, above, the Creditor shall send written notice by certified mail, return receipt requested, to the debtor and debtor's counsel and allow the debtor ten (10) days from the date the written notice is mailed to cure the delinquent payment or payments.    Cure payments must be in the form of certified funds only.    In the event the debtor fails to cure the delinquent payment or payments within the ten (10) day period, or

in the event the debtor becomes delinquent after one (1) notice of default, Creditor shall submit a declaration of default and ex parte order for relief from the automatic stay. Creditor shall be entitled to recover and add to the loan, attorney fees incurred in the preparation of a notice of default, declaration of default and/or order terminating the automatic stay pursuant to the terms of this order.

In addition, should the holder of any other consensual or judicial lien secured against the real property described below obtain relief from the automatic stay, Creditor shall submit a declaration of default and ex parte order for relief from the automatic stay.

Upon order of the court, the stay shall terminate as to the Creditor, its successors and assigns, as to the real property of the debtor located at 4314 South Abby Court, Taylorsville, in Salt Lake County, Utah more particularly described as:

> Lot 242, contained in BARRINGTON PARK II "F", a Planned Unit Development, as the same is filed in the plat recorded in Book 80-2 at Page 429 and the Declaration of Covenants and Restrictions of the BARRINGTON PARK PLANNED UNIT DEVELOPMENT recorded in Book 4634 at Page 977 as Entry No. 3074104 and as subsequent amendments and/or by laws thereto, recorded in Book 4643 at Page 718 as Entry No. 3081966 in Book 4881, Page 167 as Entry No. 3294018 in Book 5451 at Page 1592 as Entry No. 3880913 in Book 5451 at Page 1610 as Entry No. 3760915 in Book 5588, Page 2022 as Entry No. 3990432.
>
> Together with limited common area designated 111-A as described in said plat and further provided for in said Declaration and Restrictions.
>
> Together with a right and easement of use and enjoyment in and to the common areas as described in and amended for in said Declarations of Covenants and Restrictions.
>
> Together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.

It is further ordered that, upon termination of the automatic stay pursuant hereto and notice thereof, the Chapter 13 Trustee shall make no further distribution to Creditor on its secured claim, and Creditor shall file, within 180 days for it to be allowed, an amended proof of claim showing the amount, if any, that should be paid through debtor's plan as an unsecured claim, for any deficiency balance, and shall serve a copy thereof on the Chapter 13 Trustee.

Creditor and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement. Creditor may contact the debtors via telephone or written correspondence to offer such an agreement. This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States code.

In the event the automatic stay is lifted, the notice requirements of Bankruptcy Rule 3002.1 will no longer apply to Creditor, and its successors and assigns, or the Chapter 13 trustee, but such finding shall not alter any other right of notice to the debtor or borrower under the terms of the lending agreements.

———————————————————— End of Document ————————————————————

Agreed and approved as to form and substance:

By Electronic Endorsement
Brian D. Johnson
Attorney for Debtor

LUNDBERG & ASSOCIATES

By _____/s/_____
Kent W. Plott
Attorneys for Creditor

By <u>Electronic Endorsement</u>
Kevin Anderson
Chapter 13 Trustee

<u>CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)</u>

I certify that on _____ I electronically filed the foregoing Order with the United

States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify

that the parties of record in this case, as identified below, are registered CM/ECF users and will

be served through the CM/ECF system.

Kent Plott
Lundberg & Associates
ecfmaildistgroup@lundbergfirm.com, lundbergbk@gmail.com
ECF
　Attorney for Creditor

Brian D. Johnson
courtmail@bdjexpresslaw.com
ECF
　　Attorney for Debtor

Kevin Anderson
kanderson@ch13kra.com, lneebling@ch13kra.com
ECF
　　Chapter 13 Trustee


_____
United States Bankruptcy Clerk

- 6 -

## CERTIFICATE OF SERVICE – MAIL, OTHER

I certify that on _____ I cause to be served a true and correct copy of the Order

as follows:

Mail Service – By regular first class United States mail, postage fully pre-paid addressed to:

> Krystal Dawn Johnson
> 4314 South Abby Court
> Taylorsville, UT 84123
> Debtor

> Krystal Dawn Johnson
> 4314 Abby Court
> Salt Lake City, UT 84123
> Debtor

_____
United States Bankruptcy Clerk